FILED

2010 NOV -5  AM 10: 55

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

1  Robert C. Weiss (State Bar No. 39,929)
   robertweiss@rcwlaw.com
2  LAW OFFICES OF ROBERT C. WEISS
   3770 Highland Avenue, Suite 203
3  Manhattan Beach, CA  90266
   Telephone:  (310) 545-9854
4  Facsimile:  (310) 545-9853

5  Jerrold B. Reilly (State Bar No. 116,536)
   jreilly@magmail.com
6  MAG INSTRUMENT, INC.
   2001 S. Hellman Ave.
7  Ontario, CA 91761
   Telephone:  (909) 947-1006
8  Facsimile:   (909) 923-5042

9  Theodore S. Maceiko (State Bar No. 150,211)
   tsmaceiko@jonesday.com
10 JONES DAY
   555 South Flower Street, 50th Floor
11 Los Angeles, CA 90071
   Telephone:  (213) 489- 3939
12 Facsimile:  (213) 243-2539

13 Attorneys for Plaintiff
   MAG INSTRUMENT, INC.

14

15          UNITED STATES DISTRICT COURT

16          CENTRAL DISTRICT OF CALIFORNIA

17

18 MAG INSTRUMENT, INC.,                Case No.   CV10 8428-AHM (CBRx)
   a California corporation,
19
                Plaintiff,              COMPLAINT FOR TRADEMARK
20                                      INFRINGEMENT, FALSE
      v.                                DESIGNATION OF ORIGIN,
21                                      TRADEMARK DILUTION,
   LITE-SOURCE, INC.,                   FALSE ADVERTISING AND
22                                      UNFAIR COMPETITION
                Defendant.
23                                      DEMAND FOR JURY TRIAL

24

25

26

27

28

1    Plaintiff, Mag Instrument, Inc. ("Mag Instrument"), files this Complaint

2    against defendant, Lite-Source, Inc. ("LSI"), and demanding a trial by jury, alleges

3    as follows:

4                              **JURISDICTION AND VENUE**

5         1.    This action arises under the trademark laws of the United States,

6    15 U.S.C. § 1051, *et seq.*  This Court has original jurisdiction over the subject

7    matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b) and

8    15 U.S.C. § 1121(a).

9         2.    This Court has supplemental jurisdiction over Plaintiff's state law

10   claims under 28 U.S.C. § 1367(a).  These claims are so related to the other claims

11   in this case over which this Court has original jurisdiction that they form a part of

12   the same case or controversy under Article III of the United States Constitution.

13        3.    Venue is proper in this judicial district pursuant to 28 U.S.C.

14   § 1391(b).

15                              **NATURE OF THE ACTION**

16        4.    Mag Instrument is a leading manufacturer of premium quality lighting

17   products.  Among its many successful products, Mag Instrument manufactures and

18   sells the MAG-LITE®, MINI MAGLITE®, MAG CHARGER®, and SOLITAIRE®

19   flashlights.  Mag Instrument's flashlights with their extraordinary design are some

20   of the most recognizable flashlights in the world.  Mag Instrument's flashlights are

21   manufactured exclusively in the United States of America.  Moreover, Mag

22   Instrument's flashlights are sold with a warranty, backed up by a full-service staff

23   of full-time employees at its Ontario, California facility.

24        5.    In an effort to exploit and improperly trade upon Mag Instrument's

25   brand, LSI has deliberately and unlawfully appropriated Mag Instrument's

26   trademark rights through its sale of a lighting product (the "black magnifying desk

27   lamp") under the trademark "MAG-LITE."  By marketing, promoting, distributing,

28   offering for sale, and selling this desk lamp to customers, LSI infringes Mag

LAI-3113472v1

1    Instrument's trademarks and deceives consumers as to the source and sponsorship

2    of the lighting products.  By engaging in this conduct, LSI willfully infringes Mag

3    Instrument's intellectual property rights and falsely and fraudulently represents its

4    products to the consuming public.

5          6.     Based on Defendant's improper acts, Mag Instrument brings this

6    action for trademark infringement, false designation of origin, trademark dilution,

7    and false advertising under section 43(a) of the Lanham Act; unfair and deceptive

8    trade practices and trademark dilution in violation of California statutory law; and

9    trademark infringement and unfair competition under California common law.

10         7.     As a result of Defendant's unlawful conduct, Mag Instrument has

11   suffered and, unless Defendant is enjoined, will continue to suffer irreparable

12   injury.  Mag Instrument therefore seeks injunctive relief, compensatory and

13   punitive damages, and other relief.

14                          **THE PARTIES**

15         8.     Mag Instrument is a corporation incorporated under the laws of the

16   State of California and has its principal place of business at 2001 South Hellman

17   Avenue, Ontario, California 91761.

18         9.     Upon information and belief, LSI is a corporation incorporated under

19   the laws of the state of California and has its principal place of business at 14425

20   Yorba Avenue, Chino, CA 91710.

21                    **FIRST CLAIM FOR RELIEF:**

22        **[Federal Trademark Infringement – 15 U.S.C. §1051, *et seq.*]**

23        10.    Mag Instrument repeats, realleges, and incorporates by reference, as

24   though fully set forth herein, the allegations contained in all prior and subsequent

25   paragraphs.

26        11.    For many years, and prior to the acts of Defendant complained of

27   herein, Mag Instrument has continuously manufactured, advertised, assembled,

28   marketed, sold, and distributed, in interstate and international commerce, high-

LAI-3113472v1

1  quality machined, anodized aluminum, high-intensity, adjustable beam flashlights,

2  including, but not limited to, a line of flashlights under the distinctive trademarks

3  MAG-LITE® and MAGLITE®.  These flashlights are characterized by their

4  outstanding quality, extraordinary design, materials of construction, workmanship,

5  performance, reliability, durability, and outstanding optical features.

6      12.  Since at least as early as February 22, 1979, Mag Instrument has been

7  using the trademark "MAG-LITE" in connection with its manufacture, advertising,

8  and sale of flashlights and related accessories and products.  Mag Instrument is the

9  owner of United States Trademark Registration No. 1,154,816 ("the '816

10  registration") for "MAG-LITE," which is valid, enforceable, and incontestable.  A

11  true and correct copy of the '816 registration is attached hereto as Exhibit 1.  This

12  trademark is hereinafter referred to as "Mag Instrument's Trademark."

13      13.  Upon information and belief, Defendant has manufactured, advertised,

14  distributed, marketed, imported, promoted, offered for sale, and/or sold

15  commercially in interstate commerce its desk lamp.  Defendant's use of Mag

16  Instrument's Trademark in association with the desk lamp is likely to cause

17  confusion and, upon information and belief, has caused confusion that the LSI desk

18  lamp is commissioned by, sponsored by, or affiliated with Mag Instrument.

19      14.  Defendant's use of Mag Instrument's Trademark is without the

20  permission of Mag Instrument.  Upon information and belief, Defendant had

21  knowledge of Mag Instrument's Trademark and the considerable commercial

22  success of Mag Instrument's products.  Mag Instrument is informed and believes,

23  and thereon alleges, that Defendant willfully used Mag Instrument's Trademark in

24  connection with the sale, offering for sale, distribution, and/or advertising of its

25  desk lamp in a manner likely to cause confusion, or to cause mistake, or to deceive

26  customers that the desk lamp is a Mag Instrument product or authorized by Mag

27  Instrument.

28

LAI-3113472v1

15.     The above-recited acts by Defendant constitute trademark infringement of Mag Instrument's federally registered trademark and common law rights in this trademark in violation of the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a), to the substantial and irreparable injury of the public and of Mag Instrument's business reputation and goodwill.

16.     As result of its acts, Defendant has been, and will continue to be, unjustly enriched by profits that Defendant has made in connection with the distribution and/or sale of the desk lamp using Mag Instrument's Trademark.

17.     Defendant's continuing infringement has inflicted, and unless restrained by this Court will continue to inflict, great and irreparable harm upon Mag Instrument.  Mag Instrument has no adequate remedy at law.  Mag Instrument is entitled to preliminary and permanent injunctions enjoining Defendant from engaging in further acts of infringement.

18.     As a direct and proximate result of the foregoing acts of Defendant, Mag Instrument has suffered and is entitled to monetary damages in an amount not yet determined.  Mag Instrument is also entitled to its attorneys' fees and costs of suit herein.

19.     Upon information and belief, Defendant's acts were in conscious and willful disregard for Mag Instrument's Trademark, and the resulting damage to Mag Instrument is such as to warrant the trebling of damages in order to provide just compensation.

## SECOND CLAIM FOR RELIEF:
### [False Designation of Origin – 15 U.S.C. § 1125(a)]

20.     Mag Instrument repeats, realleges, and incorporates by reference, as though fully set out herein, the allegations contained in all prior and subsequent paragraphs.

21.     Upon information and belief, Defendant has used and is using Mag Instrument's Trademark to sell, market, and promote its desk lamp with the intent

of passing off and confusing the public into believing that the desk lamp originates with, is commissioned by, and/or is sponsored by Mag Instrument.

22.     Defendant's above recited acts, constitute false designation of origin, false description of fact, false representation, unfair competition, and false affiliation, connection, or association in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), as such acts are likely to deceive customers and prospective customers into believing that the LSI desk lamp is from or sponsored by Mag Instrument and/or that Defendant is affiliated or associated with Mag Instrument.

23.     If not enjoined by the Court, Defendant will continue to sell the desk lamp in commerce, which product will be attributed to having emanated from Mag Instrument. Mag Instrument, however, has no control over the nature and quality of the LSI desk lamp so rendered, and any fault or objection with said products will adversely affect future sales by Mag Instrument of its flashlights.

24.     On information and belief, as a result of its acts, Defendant has been, and will continue to be, unjustly enriched by profits that Defendant has made in connection with its distribution and/or sale of the desk lamp.

25.     Upon information and belief, Defendant's continuing infringement has inflicted, and unless restrained by this Court will continue to inflict, great and irreparable harm upon Mag Instrument. Mag Instrument has no adequate remedy at law. Mag Instrument is entitled to preliminary and permanent injunctions enjoining Defendant from engaging in further acts of infringement.

26.     On information and belief, as a direct and proximate result of the foregoing acts of Defendant, Mag Instrument has suffered and is entitled to monetary damages in an amount not yet determined. Mag Instrument is also entitled to its attorneys' fees and costs of suit herein.

27.     Upon information and belief, Defendant's acts were in conscious and willful disregard for Mag Instrument's rights, and the resulting damage to Mag

LAI-3113472v1

1    Instrument is such as to warrant the trebling of damages in order to provide just

2    compensation.

3                                    **THIRD CLAIM FOR RELIEF:**

4                          **[Federal Trademark Dilution – 15 U.S.C. § 1125(c)]**

5           28.    Mag Instrument repeats, realleges, and incorporates by reference, as

6    though fully set out herein, the allegations contained in all prior and subsequent

7    paragraphs.

8           29.    Mag Instrument's Trademark is a distinctive and famous mark.

9           30.    Defendant began using Mag Instrument's Trademark in connection

10   with the advertising, offer for sale, and/or sale of the LSI desk lamp subsequent to

11   Mag Instrument's Trademark becoming famous.

12          31.    Defendant's advertising, distribution, marketing, promotion, offer for

13   sale, and/or sale of the LSI desk lamp using Mag Instrument's Trademark causes

14   dilution by lessening the capacity of Mag Instrument's Trademark to identify and

15   distinguish Mag Instrument's products.  Defendant's use of Mag Instrument's

16   Trademark also causes dilution by tarnishment by harming the reputation of Mag

17   Instrument's Trademark.

18          32.    By reason of its acts complained of herein, Defendant has caused the

19   dilution of the distinctive quality of Mag Instrument's Trademark, lessened the

20   capacity of Mag Instrument's Trademark to identify and distinguish Mag

21   Instrument's products, and tarnished Mag Instrument's Trademark in violation of

22   15 U.S.C. §1125(c).

23          33.    As a result of its acts, Defendant has been, and will continue to be,

24   unjustly enriched by profits that Defendant has made in connection with its

25   distribution and/or sale of the LSI desk lamp.

26          34.    Defendant's continuing infringement has inflicted, and unless

27   restrained by this Court will continue to inflict, great and irreparable harm upon

28   Mag Instrument.  Mag Instrument has no adequate remedy at law.  Mag Instrument

LAI-3113472v1

1   is entitled to preliminary and permanent injunctions enjoining Defendant from
2   engaging in further acts of infringement.

3        35.    As a direct and proximate result of the foregoing acts of Defendant,
4   Mag Instrument has suffered and is entitled to monetary damages in an amount not
5   yet determined.  Mag Instrument is also entitled to its attorneys' fees and costs of
6   suit herein.

7        36.    Upon information and belief, Defendant's acts were in conscious and
8   willful disregard for Mag Instrument's rights in Mag Instrument's Trademark, and
9   the resulting damage to Mag Instrument is such as to warrant the trebling of
10  damages in order to provide just compensation.

11  **FOURTH CLAIM FOR RELIEF:**

12  **[False Advertising – 15 U.S.C. § 1125(a)]**

13       37.    Mag Instrument repeats, realleges and incorporates by reference, as
14  though fully set forth herein, the allegations contained in all prior and subsequent
15  paragraphs.

16       38.    Defendant, on information and belief, has informed the market that the
17  LSI desk lamp is a Mag Instrument, or MAG-LITE, product.  These
18  misrepresentations were made in commercial advertising or promotion of the LSI
19  desk lamp, are false and/or misleading, and do not represent the true nature and
20  characteristics of the LSI desk lamp.  Defendant, on information and belief, made
21  these misrepresentations knowingly and intentionally in an effort to confuse
22  consumers, and these statements have actually deceived or have a tendency to
23  deceive a substantial segment of their audience.  Further, this deception is material
24  in that the above-mentioned statements are likely to influence the decision by
25  consumers to purchase the LSI desk lamp.

26       39.    The above-described acts of Defendant constitute false advertising in
27  violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

28

40.     As a result of its acts, Defendant has been, and will continue to be, unjustly enriched by profits that Defendant has made in connection with its distribution and/or sale of the LSI desk lamp.

41.     Defendant's continuing false advertising has inflicted, and unless restrained by this Court will continue to inflict, great and irreparable harm upon Mag Instrument.  Mag Instrument has no adequate remedy at law.  Mag Instrument is entitled to preliminary and permanent injunctions enjoining Defendant from engaging in further acts of false advertising.

42.     As a direct and proximate result of the foregoing acts of Defendant, Mag Instrument has suffered and is entitled to monetary damages in an amount not yet determined.  Mag Instrument is also entitled to its attorneys' fees and costs of suit herein.

43.     Upon information and belief, Defendant's acts were in conscious and willful disregard for Mag Instrument's rights, and the resulting damage to Mag Instrument is such as to warrant the trebling of damages in order to provide just compensation.

## FIFTH CLAIM FOR RELIEF:

### [California Trademark Infringement – Cal. Bus. & Prof. Code § 14245]

44.     Mag Instrument repeats, realleges, and incorporates by reference, as though fully set out herein, the allegations contained in all prior and subsequent paragraphs.

45.     In addition to its federal trademark registrations, Mag Instrument also owns, among others, California State Registration No. 60569 for "MAG-LITE," which is valid and enforceable.  A true and correct copy of this registration is attached hereto as Exhibit 2.  Hereinafter, "Mag Instrument's Trademarks" refers to Mag Instrument's California and federal registrations, and "State Trademark" refers only to Mag Instrument's California registration.

46. By reason of Mag Instrument's continuous use and promotion of the State Trademark, as well as the distinctiveness of this mark, consumers associate and recognize the State Trademark as representing a single, even if anonymous, source or sponsor of goods, and therefore, the State Trademark is a protectable trademark.

47. Mag Instrument's State Trademark is inherently distinctive and has acquired secondary meaning with the trade and consuming public and/or has become distinctive in the minds of purchasers in that the State Trademark is associated with Mag Instrument.

48. Defendant uses the State Trademark in connection with the advertising, promotion, offer for sale, and/or sale of its LSI desk lamp, thereby creating a likelihood that the trade and consuming public will be confused or mistaken as to the source of the products.

49. Upon information and belief, Defendant's use has been with knowledge that such use would cause or would likely cause confusion, mistake or deceit as to the source of the products.

50. The sale, advertising or distribution by Defendant of the LSI desk lamp in California and throughout the United States is likely to cause confusion and has caused confusion as to the source of the products in that purchasers thereof will be likely to associate or have associated the LSI desk lamp as originating with Mag Instrument, all to the detriment of Mag Instrument.

51. On information and belief, as a result of the acts of Defendant, Defendant has been and will continue to be unjustly enriched by profits that Defendant has made in connection with its marketing and sale of the LSI desk lamp.

52. Upon information and belief, by reason of Defendant's actions alleged herein, Mag Instrument has suffered and will continue to suffer irreparable injury to

1   its rights and suffer substantial loss of goodwill and value in the State Trademark

2   unless and until Defendant is enjoined from continuing its wrongful acts.

3        53.    By reason of Defendant's actions alleged herein, Mag Instrument has

4   been damaged in an amount not presently ascertained, and such damage will

5   continue and increase unless and until Defendant is enjoined from continuing its

6   wrongful acts.

7        54.    On information and belief, Defendant's conduct in this cause of action

8   is willful, wanton, malicious, oppressive, and in conscious disregard of Mag

9   Instrument's rights in the State Trademark, justifying the imposition of punitive and

10  exemplary damages under California Civil Code § 3294.

11  <u>**SIXTH CLAIM FOR RELIEF:**</u>

12  **[California Statutory Unfair Competition – Cal. Bus. & Prof. Code**

13  **§ 17200, *et seq.*]**

14       55.    Mag Instrument repeats, realleges, and incorporates by reference, as

15  though fully set out herein, the allegations contained in all prior and subsequent

16  paragraphs.

17       56.    Mag Instrument has built valuable goodwill in Mag Instrument's

18  Trademark.  Defendant's advertising, distribution, marketing, promotion, offer for

19  sale, and/or sale of the LSI desk lamp using Mag Instrument's Trademark is likely

20  to and does permit Defendant to trade upon the goodwill of Mag Instrument's

21  Trademark and to confuse the public regarding a connection or affiliation between

22  Mag Instrument and Defendant.  This conduct results in damage to Mag

23  Instrument's goodwill and reputation and unjust enrichment of Defendant.

24       57.    By manufacturing, advertising, distributing, marketing, importing,

25  promoting, offering for sale, and/or selling the LSI desk lamp using Mag

26  Instrument's Trademark, Defendant misleads others, and will continue to mislead

27  others, into assuming there is a connection between Defendant and Mag Instrument.

28

LAI-3113472v1

- 11 -

58.  Defendant's use of Mag Instrument's Trademark in connection with the LSI desk lamp was and is without the consent of Mag Instrument.

59.  Defendant's advertising, distribution, marketing, promotion, offer for sale, and/or sale of the LSI desk lamp using Mag Instrument's Trademark constitutes unfair competition in violation of Section 17200, *et seq.* of the California Business and Professions Code.

60.  Mag Instrument is informed and believes and thereon alleges that, unless restrained by this Court, Defendant will continue to infringe Mag Instrument's marks and to unfairly compete with Mag Instrument, and pecuniary compensation will not afford Mag Instrument adequate relief for the damage to its trademarks in the public perception.

61.  As a result of the acts complained of herein, Defendant has been, and will continue to be, unjustly enriched by profits that Defendant made in connection with the distribution and/or sale of the LSI desk lamp.

## SEVENTH CLAIM FOR RELIEF:

### [California Trademark Dilution – Cal. Bus. & Prof. Code § 14247]

62.  Mag Instrument repeats, realleges, and incorporates by reference, as though fully set out herein, the allegations contained in all prior and subsequent paragraphs.

63.  Mag Instrument's Trademark is distinctive and a famous mark through which Mag Instrument enjoys a reputation in California for excellence and style for the products it sells.

64.  Defendant began using Mag Instrument's Trademark in connection with the LSI desk lamp after said Trademark became famous.

65.  Defendant's advertising, distribution, marketing, promotion, offer for sale, and/or sale of the LSI desk lamp using Mag Instrument's Trademark has injured the business reputation of Mag Instrument and dilutes and/or is likely to

1  dilute the distinctive value of Mag Instrument's Trademark in violation of Section

2  14247 of the California Business and Professions Code.

3    66.    Mag Instrument has no adequate remedy at law.  Injury to Mag

4  Instrument and dilution of Mag Instrument's Trademark will continue, all to Mag

5  Instrument's irreparable harm, unless Defendant is enjoined by this Court.

6                          **EIGHTH CLAIM FOR RELIEF:**

7                      **[Common Law Trademark Infringement]**

8    67.    Mag Instrument repeats, realleges, and incorporates by reference, as

9  though fully set out herein, the allegations contained in all prior and subsequent

10  paragraphs.

11    68.    By reason of Mag Instrument's continuous use and promotion of Mag

12  Instrument's Trademark, as well as the distinctiveness of this mark, consumers

13  associate and recognize the mark as representing a single, even if anonymous,

14  source or sponsor of goods, and therefore Mag Instrument's Trademark is a

15  protectable trademark at common law.

16    69.    Mag Instrument owns and enjoys common law trademark rights in

17  Mag Instrument's Trademark, which rights are superior to any rights that Defendant

18  may claim in and to said trademarks with respect to the LSI desk lamp.  Mag

19  Instrument's Trademark is inherently distinctive and has acquired secondary

20  meaning with the trade and consuming public and/or has become distinctive in the

21  minds of purchasers in that Mag Instrument's Trademark is associated with Mag

22  Instrument.

23    70.    Defendant's use of Mag Instrument's Trademark in connection with

24  the advertising, distribution, marketing, promotion, offer for sale, and/or sale of the

25  LSI desk lamp is likely to cause confusion and, upon information and belief, has

26  caused confusion as to the source of the LSI desk lamp in that purchasers thereof

27  will be likely to associate or have associated such product as originating with Mag

28  Instrument, all to the detriment of Mag Instrument.

LAI-3113472v1

1    71.    By reason of Defendant's actions alleged herein, Mag Instrument has

2    suffered, and will continue to suffer, irreparable injury to its rights and suffer

3    substantial loss of goodwill and in the value of Mag Instrument's Trademark unless

4    and until Defendant is enjoined from continuing its wrongful acts.

5    72.    By reason of Defendant's actions alleged herein, Mag Instrument has

6    been damaged in an amount not presently ascertained, and such damage will

7    continue and increase unless and until Defendant is enjoined from continuing its

8    wrongful acts.

9    73.    Defendant's conduct in this cause of action is willful, wanton,

10   malicious, oppressive, and in conscious disregard of Mag Instrument's rights in its

11   trademarks, justifying the imposition of punitive and exemplary damages under

12   California Civil Code §3294.

13                        **NINTH CLAIM FOR RELIEF:**

14                     **[Common Law Unfair Competition]**

15   74.    Mag Instrument repeats, realleges, and incorporates by reference, as

16   though fully set out herein, the allegations contained in all prior and subsequent

17   paragraphs.

18   75.    Defendant's actions in connection with the LSI desk lamp are likely to

19   cause confusion, to cause misrepresentation, to cause mistake, and/or to deceive the

20   public as to the affiliation, approval, sponsorship, or connection between Defendant

21   and Mag Instrument and constitute unfair competition at common law.

22   76.    By reason of Defendant's actions in connection with the LSI desk

23   lamp, Mag Instrument has suffered, and will continue to suffer, irreparable injury to

24   its rights and suffer substantial loss of goodwill and in the value of Mag

25   Instrument's Trademark unless and until Defendant is enjoined from continuing its

26   wrongful acts.

27   77.    By reason of Defendant's actions in connection with the LSI desk

28   lamp, Mag Instrument has been damaged in an amount not presently ascertained,

LAI-3113472v1

1    and such damage will continue and increase unless and until Defendant is enjoined
2    from continuing its wrongful acts.

3         78.    Upon information and belief, Defendant's conduct in this cause of
4    action is willful, wanton, malicious, oppressive, and in conscious disregard of Mag
5    Instrument's rights in Mag Instrument's Trademark, justifying the imposition of
6    punitive and exemplary damages under California Civil Code §3294.

7                          **PRAYER FOR RELIEF**

8         WHEREFORE, Mag Instrument respectfully demands judgment:

9         1.    That Defendant, its officers, directors, employees, and attorneys, and
10   all persons and/or entities acting for, with, by, through, or in concert with them or
11   any of them be enjoined preliminarily and permanently from:

12             (a)    using Mag Instrument's Trademark, and/or any other
13   designation that is a colorable imitation of and/or is confusingly similar to Mag
14   Instrument's Trademark, in connection with the manufacture, advertising,
15   distribution, marketing, importation, offering for sale, and/or sale of products
16   neither originating from nor authorized by Mag Instrument;

17             (b)    representing in any manner, or by any method whatsoever, that
18   Defendant is in any way affiliated with Mag Instrument, or that the goods, services,
19   or other products provided by Defendant are sponsored, approved, authorized by, or
20   originate from Mag Instrument, or otherwise taking any action likely to cause
21   confusion, mistake, or deception as to the origin, approval, sponsorship, or
22   certification of such goods or services;

23             (c)    infringing, diluting and/or tarnishing the distinctive quality of
24   Mag Instrument's Trademark;

25             (d)    falsely designating or falsely advertising its products; and

26             (e)    unfairly competing with Mag Instrument in any manner.

27        2.    That Defendant be required to deliver up to Mag Instrument for
28   destruction any products, literature, catalogs, signs, advertising material, and the

1   like bearing Mag Instrument's Trademark or any confusingly similar variations

2   thereof for products neither originating from nor authorized by Mag Instrument.

3          3.     That Defendant, within thirty (30) days after service of judgment with

4   notice of entry thereof upon them, be required to file with the Court and serve upon

5   Mag Instrument's attorneys a written report, under oath, setting forth in detail the

6   manner in which Defendant has complied with paragraphs 1 and 2, above.

7          4.     That Defendant be required to account for and pay over to Mag

8   Instrument its profits and the cumulative damages sustained by Mag Instrument by

9   reason of Defendant's unlawful acts of trademark infringement, false designation of

10  origin, false advertising, dilution, and unfair competition herein alleged, that the

11  amount of recovery be increased as provided by law, up to three times, and that

12  interest and costs be awarded to Mag Instrument.

13         5.     That the Court order disgorgement and/or restitution of Defendant's

14  profits to Mag Instrument.

15         6.     That Mag Instrument be awarded its reasonable costs and attorneys'

16  fees.

17         7.     That Mag Instrument be awarded punitive damages.

18         8.     That Mag Instrument have such other and further relief as the Court

19  may deem equitable.

20  Dated:  November 5, 2010              LAW OFFICES OF ROBERT C. WEISS

21

22                                        *Robert C. Weiss/TSN*

23                              By:_____
                                        Robert C. Weiss

24                              Attorney for Plaintiff
25                              MAG INSTRUMENT, INC.

26

27

28

LAI-3113472v1
                                   - 16 -

1

## **DEMAND FOR JURY TRIAL**

2        Pursuant to Federal Rule of Civil Procedure 38(b) and Local Rule 38-1,

3    Plaintiff Mag Instrument, Inc. hereby demands a trial by jury on all issues triable in

4    this action.

5    Dated:  November 5, 2010        LAW OFFICES OF ROBERT C. WEISS

6

7

8                      By: *Robert C. Weiss/sm*

                          Robert C. Weiss

9                    Attorney for Plaintiff

10                  MAG INSTRUMENT, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit  1

Int. Cl.: 11

Prior U.S. Cl.: 21

**United States Patent and Trademark Office**

Reg. No. 1,154,816
Registered May 19, 1981

## TRADEMARK
### Principal Register

# MAG-LITE

Mag Instrument, Inc. (California corporation)
1133 W. State St.
Ontario, Calif. 91761

For: FLASHLIGHT, in CLASS 11 (U.S. Cl. 21).
First use Feb. 22, 1979; in commerce Feb. 22, 1979.

Ser. No. 238,973, filed Nov. 13, 1979.

J. TINGLEY, Primary Examiner

Exhibit 1, page 18

Exhibit  2




# State of California

OFFICE OF THE SECRETARY OF STATE

Trademark Reg. No. 60569

## CERTIFICATE OF REGISTRATION OF TRADEMARK

I, MARCH FONG EU, Secretary of State of the State of California, hereby certify:

That in accordance with the application filed in this office the TRADEMARK described below has been duly registered in this office on behalf of:

Name of Applicant    Mag Instrument, Inc., a California corporation

Business Address    1133 W. State Street, Ontario, California 91761

Date First Used in California    February 22, 1979
Date First Used Anywhere    February 22, 1979
Description of Trademark    the word "MAG-LITE"

Class No.    21
Description of Goods on Which the Trademark is Used    flashlight

A copy, specimen, facsimile, counterpart or a reproduction of the mark is attached.
Date of Registration    November 20, 1979
Term of Registration Extends to and Includes    November 20, 1989



IN WITNESS WHEREOF, I execute this certificate and affix the Great Seal of the State of California this

**day of**

20th November, 1979.

*March Fong Eu*

**Secretary of State**

A COPY, SPECIMEN, FACSIMILE, COUNTERPART OR

REPRODUCTION OF TRADEMARK REG. NO._____



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge A. Howard Matz and the assigned discovery Magistrate Judge is Oswald Parada.

The case number on all documents filed with the Court should read as follows:

## CV10- 8428 AHM (OPx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### Central District of California

| | | |
|---|---|---|
| Mag Instrument, Inc., a California corporaton, | ) | |
| *Plaintiff* | ) ) ) | Civil Action No. **CV10 8428-AHM (OPx)** |
| v. | ) | |
| Lite-Source, Inc., | ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

> Lite-Source, Inc.
> 14425 Yorba Avenue
> Chino, CA 91710-5733

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

> Robert C. Weiss
> LAW OFFICES OF ROBERT C. WEISS
> 3770 Highland Avenue, Suite 203
> Manhattan Beach, CA 90266

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: **5 NOV 2010** _____        _____
*Signature of Clerk or Deputy Clerk*

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Mag Instrument, Inc., a California corporation | Lite-Source, Inc. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Robert C. Weiss (SBN 39,929)<br>Law Offices of Robert C. Weiss<br>3770 Highland Ave., Suite 203, Manhattan Beach, CA 90266, (310) 545-9854 | Unknown |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☒ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☒ MONEY DEMANDED IN COMPLAINT: $ according to proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | **IMMIGRATION** | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | ☐ 462 Naturalization Application | | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

## CV10 8428

| FOR OFFICE USE ONLY: | Case Number: |
|---|---|

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                              ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                              ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                              ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
    Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): *Robert C. Weiss/TSM*  Date  November 5, 2010

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |